# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LIDODERM ANTITRUST LITIGATION | Case No. 14-md-02521-WHO |
| THIS DOCUMENT RELATES TO:<br><br>DIRECT PURCHASER ACTIONS | **ORDER GRANTING FINAL APPROVAL OF SETTLEMENT WITH DIRECT PURCHASER CLASS AND ENTERING FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE** |

1 | This matter has come before the Court to determine whether there is any cause why this
2 | Court should not approve the three separate settlements between Plaintiffs American Sales
3 | Company, LLC, Droguería Betances, Inc., and Rochester Drug Co-Operative, Inc. (collectively,
4 | the "Direct Purchaser Class Plaintiffs") and each of defendants (1) Endo Pharmaceuticals Inc.
5 | ("Endo"); (2) Teikoku Pharma USA, Inc. and Teikoku Seiyaku Co., Ltd. (together, "Teikoku");
6 | and (3) Actavis, Inc. (f/k/a Watson Pharmaceuticals, Inc.), Watson Laboratories, Inc., and
7 | Actavis plc (collectively, "Watson," and together with Endo and Teikoku, "Defendants"),
8 | pursuant to Rules 23(e) and 54(b) of the Federal Rules of Civil Procedure, and in accordance
9 | with the terms of the respective Settlement Agreements. The Court, after carefully considering
10 | all papers filed and proceedings held herein, and good cause appearing, has determined: (a) the
11 | settlement is fair, reasonable, and adequate and should be finally approved; (b) the proposed
12 | plan of allocation of the Settlement Fund should be approved; (c) the proposed awards of
13 | attorneys' fees and reimbursement of the expenses to Class Counsel should be approved pursuant
14 | to Rule 23(h); (d) the proposed incentive awards should be awarded to each of the three Direct
15 | Purchaser Class Plaintiffs; and (e) a final judgment terminating this litigation should be entered,
16 | subject to this Court's continuing jurisdiction to enforce the settlement and this Order and Final
17 | Judgment. Good cause appearing therefor, it is:

**ORDERED, ADJUDGED, AND DECREED that:**

1. This Court has subject matter jurisdiction over this Direct Purchaser Class Action (the "Action") and each of the Direct Purchaser Class Plaintiffs, individually and on behalf of the certified direct purchaser plaintiff class in this Action, and all Defendants.

2. This Order and Final Judgment incorporates by reference the definitions in the Settlement Agreements and all terms used herein shall have the same meanings set forth in the Settlement Agreements.

3. In light of this Court's previous order dated Feb 21, 2017 [ECF No. 670] certifying the direct purchaser class pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the exclusion

notices received during the opt-out period established by that order, the now proposed Settlements in this Action, and this Court's Preliminary Approval Order [ECF No. 1018], the Direct Purchaser Class (the "Class") is defined as follows:

> All persons or entities in the United States, including its territories, possessions, and the Commonwealth of Puerto Rico, who purchased brand or generic Lidoderm directly from any of the Defendants at any time during the period August 23, 2012 through May 1, 2014 (the "Class"). Excluded from the Class are Endo Pharmaceuticals Inc., Teikoku Pharma USA, Inc. and Teikoku Seiyaku Co., Ltd., Actavis, Inc., Actavis plc, Watson Laboratories, Inc., and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities.
>
> Also excluded from the Class are the following Retailer Plaintiffs that pursued claims separately from the Class: Walgreen Co., The Kroger Co., Safeway Inc., HEB Grocery Company LP, Albertson's LLC, Rite Aid Corporation, Rite Aid Hdqtrs. Corp., and CVS Pharmacy, Inc.

4. The Court finds that due notice was given in accordance with the Preliminary Approval Order [ECF No. 1018], and that the form and content of that Notice, and the procedures for dissemination thereof as set forth in the Preliminary Approval order, satisfy the requirements of Fed. R. Civ. P. 23(e) and due process and constitute the best notice practicable under the circumstances.

5. Adequate notice of the proceedings having been given to the Class, and a full opportunity having been offered to the Class to participate in the fairness hearing, it is hereby determined that all Class Members are bound by this Order and Final Judgment.

6. The settlement of this Action was not the product of collusion between Plaintiffs and Defendants or their counsel, but rather was the result of bona fide and arm's-length negotiations conducted in good faith between Class Counsel and Counsel for each of the Defendants under Court supervision.

7. The Court has held a hearing to consider the fairness, reasonableness and adequacy of the proposed settlement, and has been advised that there have been no objections to

the settlement, or to the motion for reimbursement of costs, attorneys' fees, and incentive awards to the class representatives [ECF Nos. 1023 & 1024] from any members of the Class.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally approves in all respects the Settlements as set forth in (a) the settlement agreement between Direct Purchaser Class and Teikoku dated December 31, 2017 ("Teikoku Agreement") [ECF No. 1004-2]; (b) the settlement agreement between Direct Purchaser Class and Watson dated March 19, 2018 ("Watson Agreement") [ECF No. 1004-3]; and (c) the settlement agreement between Direct Purchaser Class and Endo dated March 19, 2018 ("Endo Agreement") [ECF No. 1004-4] and finds that each of the three Settlements is in all respects, fair, reasonable, adequate, and in the best interests of the Direct Purchaser Class. The Court further approves the establishment of the Settlement Fund upon the terms and conditions set forth in the Settlement Agreements. The parties are hereby directed to carry out the Settlements in accordance with the terms and provisions of the three Settlement Agreements.

9. The Court approves the Plan of Allocation of Settlement Proceeds as proposed by Class Counsel as fair and reasonable. The claims administrator RG/2 Claims Administration LLC ("Claims Administrator"), is directed to administer the Settlement, with the assistance of Econ One Research, Inc. ("Econ One"), in accordance with the terms and conditions of the Settlement Agreements. All expenses incurred by the Class Administrator or Econ One must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund. The Claims Administrator will distribute the Settlement Funds to the Class on a *pro rata* basis in the manner described in the Plan of Allocation.

10. All claims in the above-captioned action against the Defendants are hereby dismissed with prejudice, and without costs, with the Court retaining jurisdiction for the limited purpose of enforcing compliance with the terms and conditions of the Settlement Agreements and this Order and Final Judgment. All Released Claims of the Direct Purchaser Plaintiffs and

Class in the above-captioned Action are released and dismissed with prejudice, and, except as provided for in the Settlement Agreements, without costs.

11. All Class Members shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released by the Settlement Agreements, and all Class Members shall be deemed to have forever released any and all such matters, claims and causes of action as provided in the Settlement Agreements.

12. Class Counsel are awarded Attorneys' Fees in the amount of $45,000,070.46 (*i.e.*, 27.5% of $163,636,619.85, which represents the $166 million settlement less litigation expenses of $2,363,380.15), plus 27.5% of the accrued interest on the Settlement Fund. Additionally, Class Counsel shall be reimbursed for reasonable litigation expenses of $2,363,380.15 incurred in the representation of the Class, for a total Attorneys' Fees and Expenses award of $47,363,450.61 plus 27.5% of the accrued interest on the Settlement Fund. The Court finds that the amount of Attorneys' Fees and Expenses awarded is fair and reasonable. The award of Attorneys' Fees and Expenses shall be allocated among Class Counsel by Co-Lead Counsel. The Attorneys' Fees and Expenses awarded shall be paid out of the Settlement Fund.

13. Neither this Order and Final Judgment, the Settlement Agreements, nor any of their respective terms or the negotiations or papers related thereto shall constitute evidence or an admission by any party that any acts of wrongdoing have been committed, and they shall not be deemed to create any inference that there is any liability therefor. Neither this Order and Final Judgment, the Settlement Agreements, nor any of the terms or negotiations or papers related thereto, shall be offered or received in evidence or used for any purpose whatsoever, in this or any other matter or proceeding in any court, administrative agency, arbitration or other tribunal, other than as expressly set forth in the Settlement Agreements.

14. Without affecting the finality of the judgment, the Court retains exclusive jurisdiction over the Settlement Agreement, including the administration and consummation of the Settlement Agreement, Plan of Allocation, and in order to determine any issues relating to

the attorneys' fees and expenses and any distribution to members of the Class. In addition, without affecting the finality of this judgment, Defendants and each member of the Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Northern District of California, for any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreements or the applicability of the Settlement Agreements, including, without limitation any suit, action, proceeding or dispute relating to the release provisions therein.

15. The Class Representatives, American Sales Company, LLC, Droguería Betances, Inc., and Rochester Drug Co-Operative, Inc. are each hereby awarded $100,000, to be paid out of the Settlement Fund, for representing the Direct Purchaser Class, which amount is in addition to whatever monies these plaintiffs will receive from the Settlement Fund pursuant to the Plan of Allocation. This Court finds these awards to be fair and reasonable in light of the efforts of each.

16. In the event the Settlement does not become final, this Order and Final Judgment shall be rendered null and void as provided by the Settlement Agreements, shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreements.

17. The Court hereby directs that this judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b).

**IT IS SO ORDERED**.

Dated: September 20, 2018.

WILLIAM H. ORRICK
United States District Judge